IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH A. BROWN, :
    Plaintiff :
: No. 1:17-cv-02321
    v. :
: (Judge Rambo)
MATT EDINGER, et al., :
    Defendants :

## MEMORANDUM

Before the Court is pro se Plaintiff Joseph A. Brown's complaint filed pursuant to 28 U.S.C. § 1331 setting forth claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977), against four employees and Warden David Ebbert of the Lewisburg United States Penitentiary. (Doc. No. 1.) Plaintiff has also filed two motions for leave to proceed in forma pauperis (Doc. Nos. 2 and 11) along with a prison authorization form (Doc. No. 12), and two motions for extensions of time to file in forma pauperis forms (Doc. Nos. 7 and 10). The Court will now screen the complaint prior to service pursuant to its obligations under 28 U.S.C. § 1915A and § 1915(e)(2).

**I.    BACKGROUND**

The allegations contained in Plaintiff's complaint all relate to instances surrounding a February 4, 2017, incident while Plaintiff was incarcerated at USP-Lewisburg. (Doc. No. 1.) Plaintiff alleges that Defendants systematically

1

retaliated against him for filing a separate federal lawsuit and grievances. (Id. at 2.) Moreover, Plaintiff alleges that these Defendants all conspired with one another to retaliate against him for filing lawsuits and grievances. (Id.) For instance, because of these filings, Plaintiff alleges that Defendants conspired with one another to cause Plaintiff to suffer a very serious and traumatic eye and facial injury and numerous fractures when Defendants staged an attack/fight involving Plaintiff and his assigned cellmate that they knew he was incompatible with. (Id.) Plaintiff and his cellmate engaged in a violent fight and Plaintiff alleges that Defendants failed to intervene. (Id.) As a result, Plaintiff alleges that he suffered numerous traumatic head, eye, and facial fractures. Plaintiff seeks, twenty-five million dollars in damages. (Id. at 3.) Plaintiff is no longer housed at USP-Lewisburg, but rather, is now currently incarcerated at USP-Canaan.

In Plaintiff's present motion for leave to proceed in forma pauperis (Doc. No. 11), he provides that he has filed three (3) or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (Id.) He further provides that he is **not** under imminent danger of serious physical injury. (Id.) (emphasis added).

Upon screening and review of Plaintiff's complaint and prior litigation history, the Court observes that Plaintiff is subject to the three-strikes provision of 28 U.S.C. § 1915(g), of the Prison Litigation Reform Act ("PLRA"), unless he can

2

show that he is under imminent danger of serious physical injury. The PLRA includes a "three strikes" rule, "which limits a prisoner's ability to proceed [in forma pauperis] if the prisoner abuses the judicial system by filing frivolous actions." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); 28 U.S.C. § 1915(g). It states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff is a prolific litigant and is no stranger to being denied in forma pauperis status. The Court's investigation of Plaintiff's litigation history reveals that Plaintiff is subject to the "three strikes" bar, a fact that has been established in prior civil proceedings. See Brown v. Dees, No. 1:17-CV-25, 2016 WL 7159235 (M.D. Pa. Dec. 8, 2016) (enumerating Brown's prior cases which were dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)). Accordingly, Plaintiff has reached the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status unless he can establish that he was "under imminent danger of serious physical injury" at the time the complaint was filed. See 28 U.S.C. § 1915(g).

## II. DISCUSSION

The PLRA, in an effort to halt the filing of meritless inmate litigation, enacted what is commonly referred to as the "three strikes" provision. 28 U.S.C. § 1915(g). However, "[t]he Act provides a limited exception to [the three strikes] rule when a prisoner is in 'imminent danger of serious physical injury,' which operates as a 'safety valve' to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee." Brown v. Lyons, 977 F. Supp. 2d 475, 481 (E.D. Pa. 2013). Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations. Gibbs v. Cross, 160 F.3d 962, 966-67 (3d Cir. 1998). Moreover, "a prisoner claiming that she is in imminent danger of serious physical harm must make specific and credible allegations to that effect." Ball v. Famiglio, 726 F.3d 448, 470 (3d Cir. 2013) (internal quotation marks and alterations omitted). "When considering whether imminent danger of physical injury has been alleged, courts may reject 'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status." Brown, 977 F. Supp. 2d at 483 (citing Famiglio, 726 F.3d at 468).

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." Abdul-Akbar, 239 F.3d at 312. " 'Imminent' dangers are those dangers which are

about to occur at any moment or are impending." Id. at 315. "Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" Id. at 313. Moreover, "even if an alleged harm may in fact be 'impending,' it does not satisfy the exception if it does not threaten to cause 'serious physical injury.'" Brown, 977 F. Supp. 2d at 483 (citing 28 U.S.C. § 1915(g)).

In reviewing Plaintiff's complaint and motion to proceed in forma pauperis, it is clear that Plaintiff is not in imminent danger of serious physical injury. Indeed, he provides as much in his current motion for in forma pauperis. (Doc. No. 11 at 2.) Moreover, the allegations contained in the instant complaint stem from incidents that occurred while Plaintiff was incarcerated at USP-Lewisburg. However, the Court notes that Plaintiff is no longer interned at USP-Lewisburg, but rather, is currently incarcerated at USP-Canaan. In fact, at the time of filing this complaint, Plaintiff was located at USP-Canaan. Accordingly, he is unable to invoke the "imminent danger" exception as it relates to USP-Lewisburg because he was no longer interned there. See Abdul-Akbar, 239 F.3d at 312 ("[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed."). As further explained by the Abdul-Akbar Court:

> '[i]mminent' dangers are those dangers which are about
> to occur at any moment or are impending. By using the

> term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.'

Abdul-Akbar, 239 F.3d at 315.

As set forth above, this Court's investigation of Plaintiff's litigation history reveals that Plaintiff is subject to the "three strikes" bar. Additionally, Plaintiff does not claim that he is in "imminenet" danger of serious physical injury and there are no facts set forth in Plaintiff's instant filings that he was in such danger at the time he filed the complaint on December 18, 2017. Consequently, the Court will deny Plaintiff's motions to proceed in forma pauperis (Doc. Nos. 2 and 11) pursuant to 28 U.S.C. § 1915(g), deny as moot Plaintiff's motions for an extension of time to file in forma pauperis forms (Doc. Nos. 7 and 10), and dismiss the complaint without prejudice, and direct the Clerk of Court to close this action. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied in forma pauperis. He must pay the filing fee at the time he *initiates* the suit.") (emphasis in original).

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motions to proceed <u>in forma pauperis</u> (Doc. Nos. 2 and 11) will be denied pursuant to the three-strikes provision of 28 U.S.C. § 1915(g), Plaintiff's motions for an extension of time to file <u>in forma pauperis</u> forms (Doc. Nos. 7 and 10) will be denied as moot, and the complaint will be dismissed without prejudice. An appropriate order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: January 24, 2018